UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK P. FRANCIS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-0626-RLY-JMS |
| | ) | |
| AIT LABORATORIES, | ) | |
|     Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND PROPOSED MEMORANDUM OF DECISION REGARDING DEFENDANT'S MOTION FOR SANCTIONS**

This matter is before the magistrate judge on Defendant's request for discovery sanctions contained in its Motion to Compel Supplemental Discovery Response and To Enlarge the June 6th Dispositive Motions Deadline and its brief and reply in support thereof. (Dkt. #s 42, 43 and 46.) The magistrate judge, in her Entry of June 4, 2008 (Dkt. # 47), previously granted in part, denied in part, and took under advisement in part, Defendant's motion. She granted that portion of the motion requesting an enlargement of the dispositive motions deadline, in light of the supplemental discovery recently produced by Plaintiff. She denied as moot that part of the motion requesting an order compelling supplemental discovery, as Plaintiff provided supplemental discovery in response to the filing of Defendant's motion. The magistrate judge took under advisement that part of Defendant's motion requesting Plaintiff reimburse Defendant's costs in bringing the motion, as well as the additional request in Defendant's reply for sanctions against Plaintiff in the form of dismissal of the action or, in the alternative, exclusion of the discovery Plaintiff eventually produced. Plaintiff was permitted to address the

1

latter two arguments in a surreply. Defendant and Plaintiff have therefore had an opportunity to be heard pursuant to Rule 37(c)(1) through their written briefs. *See Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003); *Alexander v. F.B.I.*, 186 F.R.D. 78, 98 (D.D.C. 1998). Being duly advised, the magistrate judge recommends Defendant's request for sanctions be granted in part and denied in part.

**I. Rules 26 and 37**

Federal Rule of Civil Procedure 26(e) requires that "[a] party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission - must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e). *See also David v. Caterpillar, Inc.*, 324 F.3d 851, 856 (7th Cir. 2003); *Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2007). Nowhere in the Rule is it stated or implied that the obligation to supplement ceases with the passage of the discovery deadline. *Scranton Gillette Communications, Inc. v. Dannhausen*, 1998 WL 566668 at \*1 (N.D. Ill. 1998). "[T]he duty to supplement discovery requests lingers on without subsequent solicitation." *Id.* (quoting *Pasant v. Jackson Nat'l Life Ins. Co.*, 137 F.R.D. 255, 257 (N.D. Ill. 1991). *See also Mannoia*, 476 F.3d at 457 (stating that a party who cannot provide disclosures until after the close of discovery has a duty to seek relief from the court); *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) (finding that one party's discovery lapses are not excused when opposing counsel does not file a motion to compel).

Under Rule 37(a), a party may move to compel disclosure or discovery as long as he certifies he has made a good faith effort to confer with the other party before filing such motion.

Under Rule 37(a)(5), attorney's fees may be awarded if the motion is granted or if the disclosure or requested discovery is provided after the motion is filed.  Additionally, Rule 37(c) provides: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c).  The Rule also provides for stronger sanctions, including dismissal or entry of default judgement.

The purpose of Rule 26 is to provide wide latitude in the discovery of information that is not privileged. *Ball v. Versar, Inc*., 2005 WL 4881102 at *2 (S.D. Ind. 2005).  Discovery sanctions under Rule 37 serve not only to penalize misconduct, but also to "deter those who might be tempted to such conduct in the absence of a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).  "The ability to sanction a party falls squarely within the discretion of the district court, which is 'in the best position to . . . settle any discovery disputes' that arise in litigation." *Ball,* 2005 WL 4881102 at *2 (quoting *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996)).

**II.  Exclusion of Evidence**

The 7th Circuit has held that "'[t]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation . . . was either justified or harmless.'" *David*, 324 F.3d at 857 (*quoting Salgado v. General Motors Corp*., 150 F.3d 735, 742 (7th Cir. 1998)). "However, we have also stated that '[t]he determination of whether a Rule 26(a)

3

violation is justified or harmless is entrusted to the broad discretion of the district court.'" *Id.* (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). Factors a court should consider when exercising its discretion include, *inter alia*, the prejudice against whom the evidence is offered and the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Id.*

As noted above, the obligation to supplement disclosures survives the discovery deadline. In an e-mail to Defendant's counsel, Plaintiff's counsel appears to misunderstand the law on this point. (Dkt. # 44, Def.'s Ex. H). Such an error will not justify Plaintiff's failure under Rule 26. *See Musser v. Gentiva Health Services*, 356 F.3d 751, 758 (7th Cir. 2004)(finding that a plaintiff's misunderstanding of the distinction between expert and non-expert witnesses would not excuse his failure to comply with a disclosure deadline). Also, although the Court understands that Plaintiff's counsel has had a busy trial and vacation schedule, and that his wife has been ill, this does not excuse his failure to supplement. These issues did not appear to arise until just before Defendant filed his motion to compel, but the Court notes that there was a period of several months before this during which Plaintiff failed to produce the discovery sought by Defendant.[1] Further, "'[a] lawyer's duty of diligence transcends both upheaval at work and personal tragedy.'" *Harrington*, 433 F.3d 542 at 548 (internal citation omitted).

Plaintiff also claims that his failure to supplement is justified because the information he eventually provided was accessible to Defendant on Defendant's own e-mail system. Whether

---

[1] Plaintiff's responses to Defendant's requests for production were due on December 12, 2007 but were delayed due to illness. Defendant's counsel e-mailed counsel for Plaintiff three times in January and February 2008 soliciting responses. In preparing his motion for summary judgment in May 2008, Defendant's counsel again e-mailed Plaintiff's counsel, asking for supplementation or assurance that none was necessary.

this is true or not is of no consequence, because "that the defendant could have obtained the undisclosed information through its own efforts does not provide substantial justification." *Musser,* 356 F.3d 751 at 759.

As further justification for his conduct, Plaintiff's counsel states that he did not receive notification of the production deadline mandated by Defendant's counsel until after it had passed and the motion to compel was filed. However, Defendant's messages notifying him of the deadline for compliance (May 23) were sent May 19th and May 20th. (Dkt. #44, Ex. 9 & 10). The reason Plaintiff's counsel did not receive them is because he did not check his e-mail over an eight day period. The Court cannot consider such inaction justification. Regardless, the duty to supplement resided with Plaintiff well before May 19th. Unlike the situation Plaintiff cites in *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992), where a party failed to timely request discovery, Defendant's requests were not new, were timely, and Defendant was not required to pursue supplemental responses. Consequently, the Court does not find counsel's failure to be substantially justified.

The Court also notes that Plaintiff contends that his counsel, upon receiving notice the motion had been filed, "immediately attempted in good faith to resolve the outstanding discovery issue." (Pl.'s Resp. pg. 2). What Plaintiff characterizes as "good faith" is his counsel's attempt to use the required supplementary evidence as a bargaining chip. Per Plaintiff's own Exhibit 3, his counsel represents to Defendant's counsel that he will "provide you with a copy of that disk today *if* you agree to withdraw your motion to compel." (emphasis added). Plaintiff's counsel, despite his inability to respond to several of Defendant's counsel's emails or to check his e-mail for a one-week period, then prepared his response to Defendant's motion the day he found out it

5

had been filed, and *before* providing the disk to the Defendant. Not only do these actions not provide substantial justification for Plaintiff's failure, they appear to the Court to constitute a willful failure to provide required discovery.

The Court is not required to exclude evidence under Rule 37(c)(1) if a party's failure under Rule 26 was harmless. *See Musser*, 356 F.3d 751 at 756 (quoting *Sherrod v. Lingle*, 223 F.3d 605 at 613 (7th Cir. 2000))(holding that even when performing appellate review on a deferential standard, a court will reverse a district court's order of sanctions "where 'no harm' can be found to the non-sanctioned party."). In its motion, Defendant asks for the dispositive motions deadline to be enlarged to avoid being "overly prejudiced." (Def.'s Mot. pg. 4). Defendant also notes that it should not be "disadvantaged" based on Plaintiff's failure. (Def.'s Br. pg. 7). However, Defendant fails to specifically assert what prejudice or disadvantage it has suffered or will suffer as a result of Plaintiff's failure. In fact, Defendant notes in its motion that a 10-day enlargement of the dispositive motions deadline should not affect the November 17, 2008 trial date. Despite the fact that Plaintiff's failure was not substantially justified, the absence of harm to the Defendant precludes this Court from excluding the discovery at issue.[2]

**III. Dismissal of the Action**

Dismissal of an action is an extreme sanction. "The sanction of dismissal with prejudice must be infrequently resorted to by district courts . . . . In the normal course of events, justice is

---

[2]In its reply, Defendant also asserts that Plaintiff has yet to produce several other documents requested by Defendant (See Def. Reply, pg. 12-13). However, this issue was not specifically presented to the Court by the instant motion to compel. To the extent these issues remain outstanding, the parties are reminded of their obligation to meet and confer, as well as the magistrate judge's preference that the parties schedule a discovery conference with her, prior to the filing of any additional motions to compel.

dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of courts." *Salgado*, 150 F.3d 735 at 740 (citing *Schilling v. Walworth County Park and Planning Commission*, 805 F.2d 272, 275 (7th Cir. 1986). The 7th Circuit does not "set up a row of artificial hoops labeled 'bad faith' and 'egregious conduct' and 'no less severe alternative'" to justify dismissal. *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir. 1992)(internal citations omitted). However, the district judge "must be guided by the norm of proportionality that guides all judicial applications of sanctions." *Id.* Proportionality is presumed when there is a pattern of contumacious conduct or dilatory tactics or the failure of less drastic sanctions. *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376,1383 (7th Cir. 1993).

      That Plaintiff has engaged in dilatory behavior is certainly arguable. However, while Plaintiff has disobeyed the mandates of the discovery rules, he has not directly disobeyed an order of this Court with regard to the specific discovery at issue. Additionally, no prior sanctions have been imposed by this Court. The Court finds that dismissal would be a disproportionate sanction under these circumstances.

**IV. Assessment of Attorney's Fees**

      Under Rule 37(a)(5)(A), if a motion to compel "is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such an award requires that the movant have attempted in good faith to obtain the disclosure prior to

filing the motion. If the opposing party's non-disclosure was substantially justified, or an award of expenses would be otherwise unjust, expenses may not be awarded.

It is clear that Defendant attempted in good faith to obtain the supplemental disclosures.[3] His counsel contacted Plaintiff's counsel multiple times, both before and after the discovery deadline, requesting the discovery or assurance that counsel possessed no additional responsive discovery. His e-mails to Plaintiff's counsel were courteous and specific.

As discussed above, Plaintiff's non-disclosure was not substantially justified. Nor can this Court find any reason an award of expenses would be unjust. Plaintiff's counsel, on the occasions he did respond to e-mails from Defendant's counsel, refused to provide the required supplemental discovery or to even acknowledge his obligation to do so under the Federal Rules. In addition, Plaintiff's counsel never contacted the Court to request an extension of time for producing this discovery. Rather, he simply ignored his obligation until Defendant moved to compel. That he managed to provide the requested discovery the day after Defendant filed his motion to compel demonstrates some recognition of his obligation. However, Plaintiff's counsel's attempt to bargain with the required discovery indicates a willful violation of the discovery rules.

Plaintiff's failure to supplement his discovery, though it produced no demonstrated prejudice to Defendant, did result in annoyance and the unnecessary expenditure of resources for both Defendant's counsel and this Court. Under the circumstances presented here, it seems

---

[3]The Court notes that the last page of the Case Management Plan specifies that the parties are advised to request a phone status conference prior to filing any motion to compel. Counsel are again reminded to pursue such a conference before filing any motions to compel in the future.

clear that Plaintiff's counsel, rather than Plaintiff himself, was responsible for the failure to supplement and should therefore bear the cost of the sanction to be imposed. Therefore, pursuant to Rule 37(a)(5), counsel for Plaintiff should be required to pay the reasonable expenses incurred by Defendant in bringing this motion.

**V.  Conclusion**

For the above reasons, the magistrate judge recommends that Defendant's request for reimbursement of fees be **GRANTED**, and recommends that Plaintiff's counsel, Joel Samuel Paul, be **ORDERED** to pay Defendant's reasonable expenses incurred in making this motion, including attorney's fees. This is to include the costs of preparing the motion as well as the correspondence necessitated by Plaintiff's counsel's failure to properly respond to Defendant's requests. Defendant shall submit to this Court an itemization of the costs and fees incurred, which, upon this Court's approval, shall be paid by Plaintiff's counsel to Defendant.  The magistrate judge further recommends that Plaintiff be cautioned that any subsequent disregard of the discovery rules may result in more significant sanctions, including, but not limited to, exclusion or dismissal.

The magistrate judge recommends Defendant's request for sanctions in the form of exclusion of evidence or dismissal of this action be **DENIED.**

**SO ORDERED.**

JUNE 26, 2008

*[signature]*
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joel Samuel Paul
COLEMAN GRAHAM & STEVENSON
Email: jpaul@cgslegal.com

John R. Maley
BARNES & THORNBURG
Email: jmaley@btlaw.com

Kurtis Allen Marshall
KROGER, GARDIS & REGAS LLP
Email: kam@kgrlaw.com

Brett R. Fleitz
KROGER GARDIS & REGAS LLP
Email: brett@kgrlaw.com

James F. Ehrenberg, Jr.
BARNES & THORNBURG LLP
Email: jehrenberg@btlaw.com